UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANK C. AMODEI

v.                                      CASE NO.  3:16CV  1493 (SRU)

LINDA STRUMPF ET AL.


PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT

The Complaint alleges that defendants obtained a small claims default judgment, and that years later, their collection actions to enforce the judgment violated federal and state statutory and common laws. Defendants deprived plaintiff of his exempt earnings by deploying a property execution form that expressly prohibited its use for taking earnings; instead, they should have used the proper wage execution form which embeds federal and state earnings protections. The complaint alleges that, despite knowing they had illegally taken exempt funds, defendants blocked any determination as to their exempt nature by asserting a non-existent procedural technicality, and that defendants have adamantly refused to return the unequivocally exempt funds.

Even though Mr. Amodei does not dispute the 2010 small claims judgment, defendants move to dismiss only one of the above discrete claims based on lack of jurisdiction under Rooker-Feldman. Rooker-Feldman does not apply because plaintiff is not disputing the small claims judgment and nothing herein alters the status of the small claims judgment or the partial satisfaction of judgment.

Defendants move to dismiss based on collateral estoppel and res judicata preclusion. Because plaintiff could not raise the FDCPA and other claims herein in small claims court, there is

no res judicata or collateral estoppel.[1]

Defendants follow up with cursory discussions of a plethora of untenable "failure to state a claim" grounds. "Failure to state a claim" is not viable based on the detailed factual complaint, but if it is, plaintiff requests the customary permission to amend. Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015).

"In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014). Those facts are as follows.

DEBT COLLECTORS' WRONGFUL TAKING AND RETENTION OF EXEMPT FUNDS

Defendants are debt collectors, and plaintiff is a consumer. Amended Complaint ¶¶ 2-10. Paragraphs 11-25 are "uncontroverted facts" and are summarized as follows: On or about April 22, 2016, defendants obtained a property execution from the small claims clerk in Docket No. SCC-285022. At the time, plaintiff was an independent contractor providing personal services for One Call Care Transport of Jacksonville, Florida. Plaintiff received earnings from One Call to the extent that he accepted transport jobs from One Call.

Defendants knew that the property execution form could not be used to execute on earnings. Defendants knew or had reason to know that One Call had only earnings to be paid to plaintiff, and no other property of any kind belonging to plaintiff. Defendants caused Marshal Susan Voight to transmit the property execution to One Call, which resulted in

---

1 Moreover, small claims judgments are not appealable. Conn. Gen. Stat. §51-197a(a).

2

recovery of under $1,000 [always exempt] of Mr. Amodei's earnings.

Mr. Amodei did not know why One Call had stopped paying him until July 20, 2016, when One Call sent him the document attached to the complaint, stating "Check payable to Susan L. Voight Trustee State Marshal, until further notice." On July 21, 2016, One Call sent plaintiff two pages of the property execution based on which it withheld his earnings.

Plaintiff promptly obtained an exemption claim form and filed it on July 25, 2016.

Defendants knew that the funds they received were plaintiff's earnings. Defendants also knew that the funds they received were not subject to any form of process or court order for the purpose of debt collection because the amount was less than $1,000.

Defendants not only refused to refund plaintiff's earnings, but they told plaintiff that they were not required to return his exempt funds because he had filed the exemption claim form belatedly. At the small claims exemption hearing, Defendants blocked any determination of whether the funds were exempt, by claiming that the exemption claim form was untimely and therefore procedurally improper.

As a matter of law, defendants were required to return exempt funds even if the exemption claim form were untimely filed. Defendants had refused to comply with the instructions on the property execution to return it to court within four months, with the effect of preventing the public record from showing that the judgment was partially paid.

The small claims magistrate did not reach the issue of whether the funds were exempt. Based on defendants' misrepresentation of fact and law, he ruled only that the claim had not been "filed within the statutory time."

Defendants' motion does not dispute that the funds were, and remain, exempt.

3

DEFENDANTS' CLAIM THAT ROOKER-FELDMAN DEPRIVES THE COURT OF JURISDICTION IS CONTRARY IS CONTRARY TO THE ESTABLISHED JURISPRUDENCE.

This Court is familiar with the Rooker-Feldman doctrine:

As the Second Circuit has articulated, "*Rooker–Feldman* directs federal courts to abstain from considering claims when four requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *McKithen v. Brown,* 626 F.3d 143, 154 (2d Cir.2010). *Accord Remy v. New York State Dep't of Taxation and Finance,* 507 Fed.Appx. 16, 18 (2d Cir.2013). Moreover, "the applicability of the *Rooker–Feldman* doctrine turns not on the similarity between a party's state-court and federal-court claims ... but rather on the causal relationship between the state-court judgment and the injury of which the party complains in federal court." *McKithen v. Brown,* 481 F.3d 89, 97–98 (2d Cir.2007), *cert. denied,* 552 U.S. 1179, 128 S.Ct. 1218, 170 L.Ed.2d 59 (2008).

Gonzalez v. Ocwen Home Loan Servicing, 74 F. Supp. 3d 504, 513 (D. Conn. 2015), aff'd sub

nom. Gonzalez v. Deutsche Bank Nat. Trust Co., 632 F. App'x 32 (2d Cir. 2016).

Plaintiff does not contest the 2010 default judgment entered by the small claims court which remains intact irrespective of the outcome of this case. So does the partial satisfaction of judgment. Thus, elements (2) and (3) are not satisfied. Further, there is no causal relationship between the default judgment and the injury separately caused by defendants' 2016 wrongful refusal to return his exempt funds.[2] Defendants claim that the injury was caused "by the state court's order concluding that the executed funds were not, in fact, exempt." ECF No. 13-1 at 8. But there was no such order. As alleged in the Complaint, the small claims court merely determined—based on defendants' misrepresentation of the law and facts – that the claim had been

---

2  Defendants' jurisdictional motion does not discuss the discrete claim that they wrongfully used a property execution to take plaintiff's earnings instead of the wage execution which discloses the limitations on earnings garnishments.

untimely filed. The *actual* garnishment order issued by the court expressly precluded the defendants' use of the form for attaching earnings, but they are keeping the earnings anyway.

Defendants do not cite the controlling Second Circuit authority that is contrary to their position or the virtually unanimous authority against them in reported and unreported cases. They cite <u>Vossbrinck v. Accredited Home Lenders, Inc.</u>, 773 F.3d 423, 428 (2d Cir. 2014), but "Vossbrinck makes clear that plaintiffs' suit is not barred by *Rooker–Feldman* because the SAC seeks damages for injuries suffered as a result of defendants' alleged fraud and does not attempt to reverse or undo a state court judgment." <u>Babb v. Capitalsource, Inc.</u>, 588 F. App'x 66, 68 (2d Cir. 2015).

Defendants do not cite "<u>Sykes v. Bank of Am.</u>, 723 F.3d 399, 403–04 (2d Cir. 2013) (finding the *Rooker–Feldman* doctrine inapplicable where a plaintiff did "not complain of injuries caused by a state court judgment" or "challenge the validity or enforcement of the child support order itself," but only challenged a garnishment that had not been approved by any state court)." <u>Fernandez v. Turetsky</u>, 645 F. App'x 103, 104 (2d Cir. 2016).

Defendants cite inapplicable cases such as <u>Aluria v. Jurgelas</u>, 2013 WL 2286051, at *1 (D. Conn. May 23, 2013), where the plaintiff was challenging a state court foreclosure judgment. Plaintiff's claim herein does not affect the small claims judgment. Likewise, they cite <u>McCrobie v. Palisades Acquisition XVI, LLC</u>, 2016 WL 1178584, at *5 (W.D.N.Y. Mar. 25, 2016) ("plaintiff is requesting this court to review not only the legality of defendants' initiation of state law post-judgment remedies to enforce a state court default judgment on behalf of the purported assignee-creditor, but also the facts and circumstances of the state court's entry of the judgment and the validity of the purported assignment of the right to its enforcement.")

Plaintiff does not seek any relief from the underlying judgment.

      The two cases defendants cite at ECF No. 13-1 p.9 are inapposite: In <u>Koziel v. City Court of Yonkers</u>, 351 F. App'x 470, 471 (2d Cir. 2009), the plaintiff wanted the state court judgment vacated. No such relief is requested in this case**.** And, defendants cite <u>Kropelnicki v. Siegel</u>, 290 F.3d 118 (2d Cir.2002) -- a case in which Ms. Strump was a defendant. Yet, ten years ago, in <u>Mascoll v. Strumpf</u>, 2006 WL 2795175, at *3 (E.D.N.Y. Sept. 26, 2006), the court  noted "At oral argument, this Court informed Defendants that *Kropelnicki* was abrogated by the Supreme Court's decision in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U .S. 280 (2005)"  <u>Id.</u> at *3  (holding that Rooker-Feldman did not bar the action, in part because [as here] the plaintiff did not seek an order vacating the judgment, but instead claimed [as here] that defendant debt collectors misused the judicial process).

      Defendants cite <u>Niles v. Wilshire Inv. Grp., LLC</u>, 859 F. Supp. 2d 308, 335 (E.D.N.Y. 2012), where the party was "seeking to have this court review and undo the 2007 state-court judgment of foreclosure on the grounds that the judgment was fraudulently procured." This plaintiff is not undermining the small claims judgment. They cite <u>Leftridge v. Support Enf't Servs.</u>, 2013 WL 1947174, at *2 (D. Conn. May 3, 2013), where the plaintiff was challenging a state garnishment order that had been contested in state court. In contrast, in Mr. Amodei's case, the garnishment order specified that it was not to be used to garnish earnings.

      Defendants do not cite the abundant authority contrary to their position that Rooker-Feldman deprives the court of jurisdiction in an FDCPA case involving collection tactics. *See* <u>Sykes v. Mel S. Harris & Assocs. LLC,</u> 780 F.3d 70, 94 (2d Cir. 2015) (affirming district court's conclusion that Rooker-Feldman did not bar FDCPA claims that "sp[oke] not to the

propriety of the state court judgments, but to the fraudulent course of conduct that defendants

pursued in obtaining such judgments"); Gabriele v. Am. Home Mortg. Servicing, Inc., 503 F.

App'x 89, 92 (2d Cir. 2012) ( "[S]ince Gabriele does not seek to undo the state court judgment

through this federal action, the *Rooker–Feldman* doctrine does not apply."); Elyazidi v.

SunTrust Bank, 780 F.3d 227, 233 (4th Cir. 2015) (*Rooker-Feldman* doctrine did not bar

court from hearing FDCPA claims about debt collector's pre-judgment representations

regarding the amount that may be recovered in attorney fees, as the FDCPA claim did not pose

a challenge to state court's judgment);  Janson v. Katharyn B. Davis, L.L.C., 806 F.3d 435

(8th Cir. 2015) (Consumer's unsuccessful FDCPA claims that the eviction lawyer filed a false

affidavit in a state eviction action was not barred by the *Rooker-Feldman* doctrine as it did not

attack the state eviction and rent judgment); Todd v. Weltman, Weinberg & Reis Co., L.P.A.,

434 F.3d 432, 437 (6th Cir. 2006) (*Rooker-Feldman* doctrine does not preclude jurisdiction

over claim against collection attorneys who falsely misrepresented state of debtors' non-

exempt assets in affidavits in support of state court garnishments); Cameron v. LR Credit 22,

LLC, 998 F. Supp. 2d 293, 297 (S.D.N.Y. 2014) ("Here, Cameron complains about the

allegedly deceptive means that Defendants used to induce her to agree to the Settlement, not

about the Settlement itself or the judgment enforcing it."); Ness v. Gurstel Chargo, P.A., 933

F. Supp. 2d 1156, 1162 (D. Minn. 2013) ("Consequently, *Rooker–Feldman* does not bar an

FDCPA claim challenging only a defendant's debt-collection practices, without challenging the

validity of the state-court judgment."); Naranjo v. Universal Sur. of Am., 679 F. Supp. 2d 787,

794 (S.D. Tex. 2010) (Rooker-Feldman inapplicable when "plaintiff is not challenging the

validity of the debt, but rather the collection practices of the creditor"); Jenkins v. Gen.

Collection Co., 538 F. Supp. 2d 1165, 1172 (D. Neb. 2008) ("the state-court default judgments did not involve the actual litigation of any issue underlying the Plaintiffs' claims in this case, and this action will not involve the review or rejection of those state-court judgments"); McCammon v. Bibler, Newman & Reynolds, P.A., 493 F. Supp. 2d 1166, 1171 (D. Kan. 2007) ("challenging the debt collection practices B & N utilized in obtaining the default judgment and not the validity of the default judgment itself."); Foster v. D.B.S. Collection Agency, 463 F. Supp. 2d 783, 798 (S.D. Ohio 2006) ("Plaintiffs' alleged injuries here are not the result of the state court judgments themselves, but rather from the allegedly illegal practices Defendants used to obtain those state court judgments."); Stolicker v. Muller, Muller, Richmond, Harms, Myers, & Sgroi, P.C., 387 F. Supp. 2d 752, 755 (W.D. Mich. 2005) ("n this case Stolicker alleges a separate and discrete claim of a violation of federal law that is not a collateral attack on the state judgment. Her liability for the debt does not affect whether the Muller law firm's collection practices violated the FDCPA and MCPA."); Hines v. HSBC Bank USA, 2016 WL 5716749, at *5 (E.D.N.Y. Sept. 30, 2016) ("the collection-related claims allege injuries caused not by the state court judgment itself but by defendants' alleged misconduct in attempting to collect under that judgment"); Lautman v. 2800 Coyle Street Owners Corp., 2014 WL 4843947, at *6-7 (E.D.N.Y. Sept. 26, 2014) (concluding that Rooker-Feldman did not bar FDCPA claims arising from litigation misconduct in underlying state court proceedings because the alleged harms were "not caused" by the state court's rulings); Lenczner v. Wells Fargo, N.A., 2016 WL 4734741, at *3 (W.D. Wis. Sept. 9, 2016) (The Lenczners seek statutory damages for the alleged violations of the FDCPA and FCRA, and do not merely seek to overturn the foreclosure action.); Eager v. Credit Bureau Collection

8

Servs., Inc., 2013 WL 5719224, *2 (W.D. Mich. Oct. 18, 2013) ("Plaintiffs assert injuries based on Defendants' false allegation in the state-court complaints regarding the assignment, rather than injuries caused by the state-court judgments themselves"); Cano v. Deutsche Bank Nat'l Trust Co., 2013 WL 3930087 (E.D. La. July 29, 2013) (permitting evaluation of the validity of the evidence considered in the state court judgment); Nikkel v. Wakefield & Assocs., Inc., 2011 WL 4479109 (D. Colo. Sept. 26, 2011) (*Rooker-Feldman* doctrine was not applicable where, although state court approved settlement agreement, plaintiff's FDCPA suit complained of misrepresentations that were "independent of and complete prior to" state court's approval of agreement or state court judgment); Martinez v. CACH, L.L.C., 2011 WL 2560251, at *3 (S.D. Cal. June 27, 2011) ("if a plaintiff 'asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction"); Bond v. U.S. Bank Nat'l Ass'n, 2010 WL 1265852, at *4 (E.D. Mich. Mar. 29, 2010) (Rooker-Feldman does not apply "if a plaintiff merely claims that private defendants acted illegally"); Dexter v. Tran, 654 F. Supp. 2d 1253, 1260 (E.D. Wash. 2009) ("Plaintiff is not seeking to overturn the money judgment that was entered against him in state court. Rather, he is seeking statutory damages for Defendant's conduct in bringing the lawsuit. He is not asserting as his injury legal errors by the state court and is not seeking relief from the state court judgment. Therefore, the *Rooker–Feldman* doctrine does not preclude Plaintiff's claims); Whittiker v. Deutsche Bank Nat'l Trust Co., 605 F. Supp. 2d 914, 922 (N.D. Ohio 2009) ("Because plaintiffs' alleged injuries are caused by the alleged wrongful acts of defendants in the foreclosure proceedings and not the foreclosure judgment, the Court concludes that Whittiker and Kimball assert independent claims that are not barred by *Rooker–Feldman")*; Schuh v.

9

Druckman & Sinel, L.L.P., 602 F. Supp. 2d 454, 461 (S.D.N.Y. 2009) (challenge to collection

practices, not to judgment); Smith v. Kramer & Frank, P.C., 2009 WL 4725285, at *3 (E.D.

Mo. Dec. 2, 2009) ("Instead, plaintiff asserts as legal wrongs the allegedly illegal conduct by

an adverse party, that is Kramer & Frank, in the manner and method by which it sought and

executed the Greene County Judgment as part of its debt collection practice."); Anderson v.

Gamache & Myers, P.C., 2007 WL 1577610, at *6 (E.D. Mo. May 31, 2007) ("Plaintiff does

not challenge the validity of the State court's judgment; rather, Plaintiff's claim exclusively

addresses Worldwide Asset's conduct in attempting to collect a debt in violation of the

FDCPA, including its submitting an allegedly false affidavit"); Mascol v. Strumpf, 2006 WL

2795175, *7-8 (E.D.N.Y. Sept. 26, 2006) (holding that Rooker-Feldman did not bar an action,

in part because the plaintiff did not seek an order actually vacating the state court's judgment

as to her debt, but instead claimed that defendant debt collectors misused the judicial process

by persisting in collection efforts when they should have known that the creditor had already

determined that the debt was not owed); Gibson v. Grupo de Ariel, L.L.C., 2006 WL 42369,

at *2 (N.D. Tex. Jan. 9, 2006) ("If Gibson is successful in establishing that the Defendants

brought a state court debt collection action in an improper venue, he may prevail in this court

without disturbing the state court judgment affirming the underlying debt").

There is simply no basis to argue that Rooker-Feldman deprives the court of

jurisdiction over defendants' egregiously oppressive, unfair, and deceptive collection practices,

as Ms. Strumpf has known from her own Mascoll case for a decade. The Supreme Court

agrees:

> Nor does § 1257 stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *GASH Assocs. v. Rosemont,* 995 F.2d 726, 728 (C.A.7 1993); accord *Noel v. Hall,* 341 F.3d 1148, 1163–1164 (C.A.9 2003).

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293, 125 S. Ct. 1517, 1527,

161 L. Ed. 2d 454 (2005).

Because of the abundant authority contrary to defendants' position, they alternatively

touch on principles of preclusion, as discussed in the next sections.


RES JUDICATA DOES NOT APPLY

Defendants set forth the principles of res judicata at ECF No. 13-1 p 7-8. However,

they do not explain how those principles relate to the facts of this case, or how res judicata

could possibly relate to either the wrongful use of the property execution form, or the

wrongful refusal to return the exempt funds. There is no final judgment on the merits involved

herein. Defendants blocked any determination of whether the funds were exempt. Absent such

discussion, defendants have effectively abandoned this claim.

As is evident from the defendants' lack of briefing, case law holds that res judicata does

not apply here. "As a result, res judicata does not bar Hines's collection-related claims. See

*Schuh v. Druckman & Sinel, L.L.P.*, 602 F. Supp. 2d 454, 467 (S.D.N.Y. 2009) (holding that

even though state court issued judgment of foreclosure, res judicata does not bar mortgagors'

subsequent FDCPA claims arising from false statements in collection letters sent after

conclusion of state court action)."  Hines v. HSBC Bank USA, 2016 WL 5716749, at *8

(E.D.N.Y. Sept. 30, 2016). And, "res judicata does not bar the plaintiff's claims against [Strumpf] because [Strumpf] is not in privity with [U.S. Equities] simply by virtue of representing [U.S. Equities] in the foreclosure proceeding." <u>Omotosho v. Freeman Inv. & Loan</u>, 136 F. Supp. 3d 235, 249 (D. Conn. 2016).

## COLLATERAL ESTOPPEL DOES NOT APPLY

Defendants claim that the small claims court determined that the funds were not exempt. Plaintiff's complaint alleges, instead, that defendants affirmatively blocked any such determination by arguing that the claim was procedurally untimely. ¶ 23. The complaint's allegation is taken as true. Thus, the issue of exemption was not fully and fairly litigated, nor was there a ruling that the funds were not exempt. Since there was, and could be, no substantive determination that the funds were not exempt, but merely a procedural ruling, collateral estoppel cannot apply to that issue. Anyway, collateral estoppel does not apply to the initial wrongful use of the property execution form to grab exempt earnings, since that issue was not raised in the small claims court.

## PLAINTIFF'S FACTUALLY DETAILED COMPLAINT GIVES FAIR NOTICE

Defendants do not claim they are not on fair notice of what is being alleged against them. Their brief shows that they fully understand the basis of the claim. ECF No. 13-1 at 14. Ms. Strumpf has over thirty-five years' experience in compliance with the FDCPA.

Their only quibble is that plaintiff does not cite sections of the applicable statutes. Binding authority precludes this argument. <u>Smith v Campbell</u>, 782 F.3d 93, 99 (2d Cir. 2015) (dismissal "on the ground that he failed to specifically identify § 1983 in that portion of the

amended complaint was in error."). The Second Circuit cited <u>Johnson v. City of Shelby,</u>

<u>Mississippi</u>, 574 U.S. __ ,  135 S. Ct. 346,  347, 2014 WL 5798626  (U.S. Nov. 10, 2014)

(citation of statute unnecessary; party need only "state[] simply, concisely, and directly events

that, they alleged, entitled them to damages.").

  Plaintiff's complaint is the "short and plain statement" showing he is entitled to relief

that is required by Fed. R. Civ. P. 8(a). The Rules do not require a plaintiff to plead the legal

theory or statutes underlying his claim. <u>Townsend v. Benjamin Enters.</u>, 649 F. 3d 41, 57 (2d

Cir. 2012), citing <u>Albert v. Carovano</u>, 851 F.2d 561, 571, n.3 (2d Cir. 1988) (en banc) ("The

failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of

a claim. Factual allegations alone are what matters."); <u>accord,</u>  <u>Phillips v. Girdich</u>, 408 F.3d

124, 130 (2d Cir. 2005); <u>Wynder v. McMahon</u>, 360 F.3d 73, 75, 77 & n.11 (2d Cir. 2004);

<u>Northrop v. Hoffman of Simsbury, Inc.,</u> 134 F.3d 41, 46 (2d Cir. 1997).

  Plaintiff is entitled to whatever relief is warranted by the facts he alleged. Fed. R. Civ.

P. 54(c).  "[F]ederal courts and litigants must rely on summary judgment and control of

discovery to weed out unmeritorious claims sooner rather than later." <u>Leatherman v. Tarrant</u>

<u>County Narcotics Intelligence and Coordination Unit</u>, 507 U. S. 163, 168-69 (1993).

Contention interrogatories are standard from defendants in federal litigation.

<u>FDCPA/CCPA</u>

  The FDCPA is "a comprehensive and complex federal statute" "that imposes open-

ended prohibitions on, *inter alia,* 'false, deceptive,' § 1692e, or 'unfair' practices, §1692f."

<u>Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA</u>, 559 U.S. 573, 587 (2010). It is a

"'comprehensive and reticulated statutory scheme' Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 233 (4th Cir.2007)." Russell v. Absolute Collection Services, Inc., 763 F.3d 385, 392 (4th Cir. 2014).

Because the FDCPA is " 'remedial in nature ... its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated.' " Hart v. FCI Lender Serv., Inc., 797 F.3d 219, 225 (2d Cir. 2015) (quoting Vincent v. The Money Store, 736 F.3d 88, 98 (2d Cir. 2013).

The FDCPA applies to postjudgment collection efforts. 15 U.S.C. §1692a(5) ("whether or not such obligation has been reduced to judgment"). The FDCPA preempts less protective state laws. 15 U.S.C. §1692n.

Plaintiff has pled the elements of an FDCPA claim: defendants are debt collectors; plaintiff is a consumer; and defendants engaged in any act or omission in violation of the prohibitions or requirements of the law.  See Altman v. J.C. Christensen & Associates, Inc., 786 F.3d 191, 192, 194 (2d Cir. 2015); Hart v. FCI Lender Services, Inc., 797 F.3d 219, 227-28 (2d Cir. 2015); Riveria v. MAB Collections, Inc., 682 F. Supp. 174, 175-76 (W.D.N.Y. 1988). Surely, using an inapplicable execution form to deprive plaintiff of his exempt funds, or refusing to return exempt funds on a procedural pretext, is oppressive (§1692d), a "false, deceptive or misleading representation or means" (§1692e), or unfair (§1692f).

However, defendants raise two factual defenses, neither of which can be considered in a motion to dismiss for failure to state a claim. First, they claim plaintiff did not allege that defendants had knowledge that Call One would disregard the instructions not to take earnings. ECF No. 13-1 at 14. Plaintiff alleged, however, that "Defendants knew or had reason to know

that One Call had only earnings to be paid to plaintiff, and no other property [belonging to Mr. Amodei] of any kind." ECF No. 8 ¶ 14. And of course, once they found out the money was earnings, they fought to keep the earnings anyway.

Second, they claim the funds might not be earnings, another factual defense. Defendants cite <u>Great Country Bank v. Ogalin</u>, 168 Conn. App. 783 (2016), which stands only for the proposition that "The record reflects that, at no time during the proceedings before the trial court did Drywall argue or attempt to demonstrate that the expenses at issue were a form of wages owed the defendant for personal services" <u>Id.</u> at 801. Irrespective of this factual "earnings" claim, any amount under $1,000 is exempt.

ECF No. 13-1 at 15 correctly asserts that Ms. Strumpf is not a "creditor" under the Connecticut Creditor's Collection Practices Act (CCPA), but fails to disclose that the "Wherefore" clause of the complaint seeks CCPA damages only against Equity. There is nothing to be dismissed since there are no CCPA claims as to her.

Defendants' FDCPA/CCPA discussion is largely based on failure to cite sections of the statutes, which is not a basis for dismissal under the controlling authority cited in the previous section.

THE FACTUAL ALLEGATIONS EASILY MEET THE CUTPA STANDARD

This Court is familiar with the unfair and deceptive standards of the Connecticut Unfair Trade Practices Act. <u>Smith v. Wells Fargo Bank, N.A.</u>, 158 F. Supp. 3d 91, 100, 101 (D. Conn. 2016). Defendants' three-paragraph discussion conclusorily claims that plaintiff has failed to plead facts showing that defendants' conduct offends public policy, or is immoral, unethical or

unscrupulous. The facts inexorably lead to such conclusions: using a property execution form that expressly prohibited its use for taking earnings, instead of the wage execution form which embeds federal and state earnings protections; knowing they had illegally taken exempt funds; refusing to return the funds based on a non-existent procedural technicality.

In particular, wrongful withholding of funds is a well-recognized CUTPA violation. Carrillo v. Goldberg, 141 Conn. App. 299, 312–13, 61 A.3d 1164, 1173 (2013) (punitive damages under CUTPA for wrongfully withholding security deposit); Blackwell v. Mahmood, 120 Conn. App. 690, 704, 992 A.2d 1219, 1229–30 (2010) (unwarranted refusal to return funds); Hurowitz v. Garbinski, 2015 WL 6405913, at *5 (Conn. Super. Ct. Oct. 1, 2015) (refusal to return funds); Torres v. Kershner Co.,  2010 WL 5573744, at *18 (Conn. Super. Ct. Dec. 13, 2010) (same).

## CONVERSION HAS BEEN ALLEGED

Defendants' one-paragraph discussion is based on the claim that the small claims court "ordered" that the funds were not exempt. That is not what is alleged in the complaint. There was no "order" as to the status of the funds because defendants claimed (contrary to the facts alleged in the complaint, as well as contrary to law) that the exemption claim was untimely.

## THE FACTS SHOW UNJUST ENRICHMENT AND ABUSE OF PROCESS

Defendants' two paragraph discussion is based on the fact that they have a default judgment against plaintiff, and therefore they could do whatever they wanted to enforce the judgment – including an improper form that specifically was not to be used to take earnings. That form was used for the improper purpose of bypassing the salutary earnings exemptions

16

under long-standing federal and state law – "the accomplishment of a result that could not be

achieved by the proper and successful use of process" to quote defendants brief. ECF No. 13-1

at 17. Defendants were unjustly enriched by taking, and refusing to refund, exempt funds.

SUPPLEMENTAL JURISDICTION

Defendants ask the Court to dismiss the state claims even  if it determines that it has

jurisdiction. 28 U.S.C. §1367 mandates otherwise:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by
> Federal statute, in any civil action of which the district courts have original jurisdiction,
> the district courts shall have supplemental jurisdiction over all other claims that are so
> related to claims in the action within such original jurisdiction that they form part of the
> same case or controversy under Article III of the United States Constitution

Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 247 (2d Cir. 2011) (need

compelling reason to refuse supplemental jurisdiction); Itar-Tass Russian News Agency v.

Russian Kurier, Inc., 140 F.3d 442, 447 (2d Cir. 1998) ("supplemental jurisdiction over the

related claim is mandatory").

CONCLUSION

Plaintiff requests the Court to deny defendants' plainly dilatory motion and not

consider any new arguments defendants may assert, which would violate L. Civ. Rule 7(d).

Cuba-Diaz v. Town of Windham, 274 F. Supp. 2d 221, 230 (D. Conn. 2003); Corpes v. Walsh

Constr. Co., 130 F. Supp. 3d 638, 644 (D. Conn. 2015). Pursuant to D. Conn. L. Civ. R. 7(d):

reply briefs "must be strictly confined to a discussion of matters raised by the responsive brief

and must contain references to the pages of the responsive brief to which reply is being made."

THE PLAINTIFF

BY__/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net

Certificate of Service

I hereby certify that on November 9, 2016 a copy of foregoing was filed electronically.
Notice of this filing will be sent by e-mail to all parties by operation of the Court's
electronic filing system.  Parties may access this filing through the Court's system

_____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137