THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANK C. AMODEI | : | 3:16-cv-01493-SRU |
| Plaintiff | : | |
| v. | : | |
| LINDA STRUMPF | : | |
| U.S EQUITIES CORP | : | |
| Defendants | : | November 23, 2016 |

**REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

I. The Connecticut Small Claims Court Issued A Final Determination        1
   That Plaintiff Did Not Timely Move For Exemption;
   *Rooker-Feldman* and Res Judicata Preclude Plaintiff
   From Seeking Appellate Review Of That Decision From This Court.

  A. The August 18, 2016 Order Denying Plaintiff's Motion for Exemption Was        1
     Final and Plaintiff Cannot Appeal that Order to This Court.

  B. An FDPCA Lawsuit Is Not the Proper Vehicle for Plaintiff to Obtain Review        3
     of the Small Claims Court's Denial of His Exemption Motion.

II. Plaintiff Has Not Stated A Plausible Claim Against Defendants        4
   Because Defendants Followed Connecticut's Statutory Judgment
   Enforcement Procedure, While Plaintiff Did Not.

  A. Connecticut Law Provides Clear Guidelines for Levying on Property in        5
     Satisfaction of a Judgment, Which Defendants Followed.

  B. The Small Claims Magistrate Found That Plaintiff Failed to Move for        9
     Exemption of Levied Funds within the Time Mandated by Connecticut Law
     and Denied the Motion after a Full Hearing where Plaintiff was Present.

Conclusion        10

**REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff's arguments in opposition to Defendant's motion are unavailing and fail to establish that the Court has jurisdiction to decide his claims or that the Amended Complaint adequately states a claim for relief.

I.  **The Connecticut Small Claims Court Issued A Final Determination That Plaintiff Did Not Timely Move For Exemption; *Rooker-Feldman* and Res Judicata Preclude Plaintiff From Seeking Appellate Review Of That Decision From This Court.**

Plaintiff asks the Court to take appellate review of the Connecticut Small Claims Court's determination that Plaintiff did not timely file a motion for exemption.  That request is inappropriate under *Rooker-Feldman*—and precluded by res judicata—and the Court should therefore dismiss Plaintiff's Amended Complaint.

A.  **The August 18, 2016 Order Denying Plaintiff's Motion for Exemption Was Final and Plaintiff Cannot Appeal that Order to This Court.**

In addition to the binding and persuasive precedent set out in Defendants' principal briefing that demonstrates Plaintiff's FDCPA claims require federal review of the 2010 judgment in contravention of *Rooker-Feldman* (*see Fernandez v. Turetsky*, 645 Fed. App'x 103, 105 (2d Cir. 2016); *Leftridge v. Support Enforcement Services*, No. 3:12-cv-150 (WWE), 2013 WL 1947174, at *2 (D. Conn. May 3, 2013)), the Court must dismiss Plaintiff's Amended Complaint for the additional reason that it improperly invites review of the August 18, 2016 order denying his motion for exemption as untimely.  Am. Compl. ¶¶ 17-18, 23; [Doc. Nos. 14-1, 14-2.]

Plaintiff argues that, because he "does not contest the 2010 default judgment entered by the small claims court" against him and in favor of Equities, he therefore does not complain of injuries caused by the state court judgment and does not invite district court review of that judgment in this lawsuit.  Pl. Memo. Opp. at 4.  This line of argument fails because it ignores the

1

fact that there were <u>two</u> final orders issued by the Connecticut Small Claims Court: the judgment entered on February 9, 2010, <u>and</u> the August 18, 2016, order denying Plaintiff's exemption motion. [Doc. Nos. 14-1, 14-2].

Although Plaintiff asserts in one breath that he is not challenging the judgment of the Small Claims Court, he readily states in the next breath that "the small claims court merely determined—based on defendants' misrepresentation of the law and facts—that the claim had been untimely filed." Pl. Memo Opp. at 1; *see also* 3 ("defendants blocked any determination as to [the funds] exempt nature by asserting a non-existent procedural technicality …."); ("Defendants blocked any determination of whether the funds were exempt, by claiming that the exemption form was untimely and therefore procedurally improper."). Certainly, these statements demonstrate Plaintiff's disagreement with the order of the Small Claims Court and underlie his request that this Court revisit that determination. That is problematic because the August 18, 2016, order was final (*see* Conn. Superior Ct. Rules, Ch. 24, section 28 ("the judgments and decisions rendered in the small claims session are final and conclusive"), and is therefore the exact type of state court judicial determination that cannot be appropriately reviewed by a Federal District Court, or be reviewed a second time after being conclusively determined. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014); *Omotosho v. Freeman Inv. & Loan*, 136 F.Supp.3d 235 (D. Conn. 2016); *Vandever v. Emmanuel*, 606 F.Supp.2d 253 (D. Conn. 2009); *Nestor v. Pratt & Whitney*, 466 F.3d 65 (2d Cir. 2006).

For Plaintiff to succeed on his alleged FDCPA claims in this case, the Court would necessarily be required to find the August 18, 2016, order erroneous, or otherwise call into question the validity of that order. The substance of Plaintiff's FDCPA claims is therefore

2

"inextricably intertwined" with the Small Claims Court's order denying Plaintiff's exemption motion, thus barring the Court from adjudicating the FDCPA claims pursuant to *Rooker-Feldman*. The Small Claims Court's order is also a final judgment on the merits that bars any subsequent action, such as this, predicated upon Plaintiff's claim for exemption of the levied funds.

Plaintiff offers a cursory summary of numerous cases inside and outside the Second Circuit regarding *Rooker-Feldman*. Pl. Memo. Opp. at 6-9. None of these cases is dispositive on the *Rooker-Feldman* issue in this case because, here, Plaintiff fails to plausibly plead that Defendants acted in any way inappropriately in the state court proceeding, and directly asks this Court to undo the August 18, 2016 court order, denying his exemption motion after a full hearing where Plaintiff was present.

### B. An FDPCA Lawsuit Is Not the Proper Vehicle for Plaintiff to Obtain Review of the Small Claims Court's Denial of His Exemption Motion.

Plaintiff appeared at the August 18, 2016 hearing and had every opportunity to set forth his claims. Despite that opportunity, Plaintiff asserts, without any factual support and in conclusory fashion for the first time in this action, that Defendants made misrepresentations of law and fact in the Small Claims Court[1], which influenced the magistrate's decision on Plaintiff's motion for exemption. Connecticut law provides an adequate mechanism by which Plaintiff could have challenged this alleged conduct without improperly seeking review of the state court judgment under the guise of an FDCPA claim. Plaintiff has not availed himself of that mechanism.

Plaintiff had the option to file a writ of error. Connecticut courts have concluded that the filing of a writ of error is a proper avenue for obtaining a review of a small claims judgment

---

[1] Defendants adamantly deny Plaintiff's characterization of their conduct in the Small Claims Court and reserve the right to challenge that characterization at later stages of this litigation, if necessary.

3

under limited circumstances. *See Veterans Memorial Medical Center v. Townsend*, 49 Conn. App. 198, 712 A.2d 993 (1998) (Writ of error to Connecticut Court of Appeals on small claims judgment appropriate where judgment involved "serious deprivation of fundamental right of due process …."); *Safe Home Security, Inc. v. Lewis*, 52 Conn. App. 780, 727 A.2d 1289 (1999) (Writ of error on small claims judgment appropriate "[t]o avoid injustice."); *see also* Practice Book § 60-1 ("The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice.").

Instead of attempting to correct the allegedly erroneous—or improperly obtained—order regarding exemption by filing a writ of error, Plaintiff commenced this action. *Rooker-Feldman* precludes the Court from conducting what is effectively appellate review of the Small Claims Court's denial of Plaintiff's exemption motion. Plaintiff's attempt to challenge the state court judgment via an FDCPA lawsuit is also an affront to the principles of res judicata and claim preclusion. Plaintiff's claims in this matter are therefore barred and should be dismissed.

**II.     Plaintiff Has Not Stated A Plausible Claim Against Defendants Because Defendants Followed Connecticut's Statutory Judgment Enforcement Procedure, While Plaintiff Did Not.**

Plaintiff's pleadings and the Small Claims Court record objectively demonstrate that Defendants followed the procedure set forth under Connecticut law for executing on a civil money judgment. Defendants cannot be liable to Plaintiff under the FDCPA for properly obtaining a property execution, commanding a state marshal to serve it on a third party, and recovering property that the third party determined was nonexempt. The record also objectively demonstrates that Plaintiff failed to follow the safeguards enshrined in these same statutory procedures designed to protect against judgment debtors' exempt assets being seized.

4

Accordingly, Plaintiff's claim that Defendants are liable under the FDCPA for misuse of the state judgment-enforcement process fails as a matter of law.

### A. Connecticut Law Provides Clear Guidelines for Levying on Property in Satisfaction of a Judgment, Which Defendants Followed.

Connecticut law provides two distinct types of execution to enforce a civil judgment: executions against nonexempt personal property and executions on wages. Conn. Gen. Stat. § 52-356a, § 52-361a.[2] Here, Defendants elected to pursue Plaintiff's nonexempt personal property to satisfy the 2010 judgment entered in favor of Equities. That was the only material decision Defendants made during the process, which they followed to the letter. Nothing in Plaintiff's Amended Complaint demonstrates that Defendants deviated from the statutorily mandated process, or that they acted in any way contrary to state law.

The property execution and wage execution processes differ not only in the type of property identified for seizure, but also in the instrument employed in effectuating the execution. *Id*. That is, a judgment creditor cannot accomplish both a personal property execution and a wage execution using the same form. Thus, the operative decision for the judgment creditor seeking to enforce a civil judgment in Connecticut is whether to pursue the judgment debtor's personal property or his wages. From there, both processes fall into the hands of a "levying officer," such as a state marshal, who is responsible for serving the execution upon the judgment debtor and the party holding seizable property. Here, Defendants made the decision to pursue seizure of Plaintiff's nonexempt personal property to satisfy the judgment. Am. Compl. ¶ 11.

Plaintiff states that he "does not contest the 2010 default judgment entered by the small claims court …." Pl. Memo. Opp. at 4. Connecticut General Statutes section 52-356a clearly identifies the procedure a judgment creditor must follow in attempting to levy on a judgment

---

[2] As a result of Plaintiff's failure to comply with the Court's order of payments of $35.00 weekly commencing 03/02/2010 [Doc. 14-1], Defendants were forced to proceed with post-judgment execution.

debtor's personal property in satisfaction of a valid judgment. Plaintiff does not allege that Defendants, or any state actor, such as the clerk of the court or the marshal, failed to comply with these statutory procedures, save for Defendants' alleged "wrongful use of the property execution form." *Id.* at 11.

As a judgment creditor seeking to enforce its judgment by execution on personal property, Equities was first required to apply to "the clerk of court in which the money judgment was entered" for a writ of execution "against the nonexempt personal property of the judgment debtor other than debts due from a banking institution or earnings." *Id*. at subdiv. (a)(1). On or about April 22, 2016, Equities, through Defendant Strumpf, applied for and received such a writ in this case from the Small Claims Clerk. Am. Compl. ¶ 11; [Doc. No. 14-3]. The writ, in accordance with Connecticut statutes, specifically commanded a "proper levying officer" to "levy on nonexempt personal property of the judgment debtor, other than debts due from banking institution or earnings …." [Doc. No. 14-3]; Conn. Gen. Stat. § 52-356a(a)(1).

Pursuant to section 52-356a(a)(1), Defendants were required to then deliver the writ of execution to a levying officer—in this case, Marshal Susan Voight. Am. Compl. ¶ 15. Consistent with the statute, the writ instructed Marshal Voight to "personally serve a copy of this execution on the judgment debtor," along with the appropriate exemption forms, and to "make demand for payment by the judgment debtor of all sums due under the money judgment." [Doc. 14-3]; Conn. Gen. Stat. § 52-356a(a)(4). Upon determination that Plaintiff was unable to make immediate payment of the money judgment, Marshal Voight was required to "levy on nonexempt personal property of the judgment debtor, other than debts due from a banking institution or earnings, sufficient to satisfy the judgment …." *Id*. Here, the writ of execution specifically advised Marshal Voight not to levy on earnings. [Doc. 14-3].

Because Plaintiff is "a judgment debtor who is a natural person," Marshal Voight was then required to serve "copies of the execution, required notices, and claim form" upon any third party in possession of any nonexempt personal property belonging to Plaintiff. Conn. Gen. Stat. § 52-356a(a)(4)(C). Here, Marshal Voight served copies of the personal property execution, which contained the notice that earnings are not subject to levy under the writ, on One Call. [Doc. 14-3]. One Call then determined that it held personal property belonging to Plaintiff, which it delivered to Defendants pursuant to the statute. Am. Compl. ¶ 15.

Plaintiff's allegation that Defendants used the wrong form and were actually attempting to execute on the Plaintiff's earnings is incorrect and not supported by the small claims record. Defendants never attempted to execute on Plaintiff's earnings, because they did not file a wage execution. Rather Defendants filed a property execution, and if One Call held no seizable personal property, but only Plaintiff's earnings—which the property execution form specifically excludes from the scope of seizable personal property—One Call should not have remitted any funds to the marshal.

The Amended Complaint and the small claims record objectively demonstrate that Defendants attempted to enforce the judgment against Plaintiff by executing on his personal property. Defendants properly obtained a writ of execution from the Small Claims Clerk, and delivered it to Marshal Susan Voight. Marshal Voight served the writ on One Call. One Call - and not the Defendants - made a determination that it held nonexempt personal property belonging to Plaintiff and delivered it to Defendants in partial satisfaction of the judgment debt. Defendants' only material decision in this process—to obtain a personal property execution rather than a wage execution—is not reasonably susceptible to attack under the FDCPA. It is the

decisions of the levying officer and the party in possession of the judgment debtor's property that determine what property will ultimately be returned to the judgment creditor.

A final safeguard exists to prevent the judgment debtor's exempt property from levy: a motion for exemption. However, Plaintiff's motion for exemption was denied by the Small Claims court, and he now seeks redress for that failure in the form of this FDCPA lawsuit. Thus, Plaintiff is asking this Court to hear Small Claims court exemption motions. In support of that claim, Plaintiff avers that "Defendants knew the property execution form could not be used to execute on earnings," and that Defendants further "knew or had reason to know that One Call had only earnings to be paid to plaintiff, and no property of any kind." Am. Compl. ¶¶ 13-14. Plaintiff offers absolutely no factual support for these assertions. These statements, therefore, are "'no more than conclusions'" and "'are not entitled to the assumption of truth.'" *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). They are simply insufficient to plausibly establish that Defendants took any improper steps in attempting to enforce Equities' judgment against Plaintiff. *Iqbal,* 19 S. Ct. 1937.

Plaintiff's contention that Defendants somehow had knowledge that Plaintiff only drew earnings from One Call but persisted in using the personal property execution form despite that knowledge, is inconsistent with common sense. If Defendants knew from the outset that the only property One Call held belonging to Plaintiff was earnings, why would they then not have simply elected to obtain a wage execution from the Small Claims Clerk and have Marshal Voight serve that instrument upon One Call? A property execution is only valid for four months, and only payments due within that four month period are subject to levy. *See* C.G.S.A. 52-356a(a)(3). Pursuant to Connecticut law, a judgment creditor can collect 25 percent of a judgment debtor's disposable earnings via wage execution, which remains valid "until the judgment is satisfied."

8

C.G.S.A. § 52-361a, § 52-361a(d).  Thus, when given a choice, any judgment creditor would always choose to serve a wage execution, which is potentially effective in perpetuity until the judgment is satisfied, rather than a personal property execution, which is of limited duration and, therefore, limited efficacy.  If Defendants "knew or had reason to know" One Call held earnings, then they would have employed a wage execution, rather than a property execution, <u>which specifically excludes wages from the scope of property the levying officer may seize</u>. [Doc. 14-3]. Defendants acted in accord with Connecticut's judgment enforcement statutes and cannot be liable to Plaintiff for violation of the FDCPA in doing so.  Plaintiff's theory to the contrary is supported by neither the small claims record nor common sense.

> **B. The Small Claims Magistrate Found That Plaintiff Failed to Move for Exemption of Levied Funds within the Time Mandated by Connecticut Law and Denied the Motion after a Full Hearing where Plaintiff was Present.**

Connecticut statutes make clear that Plaintiff was not automatically entitled to an exemption of the funds Marshal Voight levied from One Call. *Shrestha v. State Credit Adjustment Bureau, Inc.*, 117 F. Supp. 2d 142 (D. Conn. 2000).  Instead, Plaintiff was required to follow certain statutory procedures in order to establish the exempt nature of the funds.  *Id*. at 145  ("Property is not automatically exempted; it *may* be exempted provided the debtor follows proper procedure."); *Utzler v. Braca*, No. CV065003257, 2010 WL 2132654, at *2 (Conn. Super. Ct. Apr. 19, 2010) ("The texts of General Statutes § 52–361b and § 52–356c are plain and unambiguous. They set forth the procedures to be utilized by [a party asserting an exemption]").

Under Connecticut law, a judgment debtor must interpose a claim for exemption within 20 days of a property execution.  Conn. Gen. Stat. § 52-361b(d); *see also* § 52-356c.  The Small Claims Court found that Plaintiff failed to move for an exemption within the necessary time

9

period [Doc. No. 14-2], and issued an order denying his motion for exemption as untimely. This does not form the basis for a cognizable FDCPA claim against Defendants.

As with Plaintiff's contention that Defendants "knew or had reason to know" that the only property One Call held belonging to Plaintiff was earnings, Plaintiff's unsupported assertion that "Defendants blocked any determination whether the funds were exempt" is nothing more than a factually deficient conclusion that is not entitled to the assumption of truth. *Hayden*, 594 F.3d at 161. Plaintiff has not credibly pled that Defendants acted improperly in relation to Plaintiff's motion to exempt the funds levied from One Call. Indeed, the pleadings and Small Claims record demonstrate that it was Plaintiff's own failure to properly move the Small Claims Court for an exemption that doomed his claim. Defendants cannot be held liable to Plaintiff under the FDCPA for his failure to follow the procedures established under Connecticut judgment enforcement law, and his Amended Complaint should therefore be dismissed.

## CONCLUSION

For the foregoing reasons, and those previously stated in Defendants' principal briefing, Defendants respectfully requests the Court dismiss Plaintiff's Amended Complaint.

Respectfully Submitted,

DEFENDANTS
LINDA STRUMPF, PRO SE
U.S. EQUITIES CORP.
BY: */s/ Linda Strumpf*
    Linda Strumpf, Esq. (CT28975)
    For Defendants Linda Strumpf, Pro Se
    & U.S. Equities Corp.
    244 Colonial Road
    New Canaan, Ct. 06840
    Ph: 203-966-8555
    Fax: 203-966-8886
    linda.strumpflaw@live.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of this Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

For the Plaintiff:
Law Offices of Joanne Faulkner
123 Avon Street
New Haven, CT 06511-2422

*/s/ Linda Strumpf*
Linda Strumpf